```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6-24-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOSEFA A. CRUZ,

                             Plaintiff,                  08-CIV-5588 (PKC)

            -against-

                                                  MEMORANUM
                                                  AND
                                                  ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                            Defendant.
-----------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.

        Plaintiff Josefa Cruz, on behalf of her son Joel Cruz, brings this action pro se under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff seeks review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her son's request for waiver of recovery for overpayment of Supplemental Security Income ("SSI") benefits. Joel Cruz, suffers from a learning disability entitling him to receive SSI benefits. Plaintiff asserts that the decision denying her a waiver of recovery for overpayment was "erroneous, not supported by substantial evidence on the record and/or contrary to the law." (Compl. ¶ 9). Defendant moved for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. Petitioner has not filed a response to this motion. As noted in an Order dated June 1, 2009, "the Court deems the motion fully submitted and will proceed to adjudicate it on the merits." For the reasons explained below, the defendant's motion for judgment on the pleadings is granted and the Administrative Law Judge's ("ALJ") determination is affirmed.

## BACKGROUND FACTS

On October 19, 1990, Josefa Cruz, acting on behalf of her then minor son Joel Cruz, applied for SSI benefits for Joel's learning disability.[1] (R. 56.) These benefits began on November 15, 1990. (R. 54.) As of December 2003, Joel Cruz was living with his mother in New York. (Id.) Josefa Cruz subsequently failed to report her income from the New York City Transit Authority ("NYCTA").[2] In 2005, the SSA notified plaintiff and Joel Cruz that Joel had been overpaid for the months of June 2001 to March 2003 in a total amount of $12,125.63. (R. 15.) On March 5, 2005 Joel Cruz signed a Request for Reconsideration. (R. 35.) The SSA sent a Notice of Reconsideration dated April 23, 2005, notifying plaintiff that the SSA found no basis for changing the prior decision and stating that the overpayment should be repaid. (R. 47.)

On March 23, 2005 Joel Cruz signed a SSA request for waiver of overpayment recovery. (R. 46.) In his request Joel Cruz wrote, "my mother doesn't speak English or read it . . . I honestly didn't know nor my mother knew this was overpaid money. It really [was] a misunderstanding and me and my mother are sorry." (R. 40.) On May 9, 2005, Joel Cruz signed a written request for an ALJ hearing.[3] On December 13, 2006, the hearing was held before ALJ Mark Sochazewsky. (R. 18.) Plaintiff's son, then 19 years old, represented himself as a pro se claimant where he and the plaintiff testified.[4] The ALJ, reviewing the SSA's determination de novo issued a written decision on January 17, 2007 denying plaintiff's claim. (R. 15.) In a letter dated February 12, 2007, Joel Cruz made a request for an Appeals Council Review of the ALJ decision and to be represented by a Legal Aid attorney. (R. 62.) In his letter, Joel Cruz claimed

---

[1] Joel Cruz date of birth is Jan. 15, 1986.
[2] Josefa Cruz earned wages of $27,629.27 for 2001; $31,633.36 for 2002; $41,568.59 for 2003; and $44,626.24 for 2004. R. 59 (Earnings Report). These wages affect Joel Cruz's eligibility for SSI benefits. 42 U.S.C. § 1382c(f)(2)(A).
[3] The ALJ's decision states that the request was filed on May 5, 2005. However, the Request for Hearing by an ALJ was signed on May 9, 2005. (R. 51). This discrepancy is not material to the disposition of the motion.
[4] Plaintiff testified with the assistance of a Spanish Interpreter.

2


that "due to my disability I was not able to understand what was going on." (Id.) The Appeals Council denied plaintiff's request for review in a letter dated April 4, 2008. (R. 3.) (Appeals Council Action on Request for Review, Apr. 4, 2008).

The issue before the ALJ was whether plaintiff was "without fault" in causing the overpayment of $12,125.63. (R. 15.) In finding that plaintiff was not "without fault" the ALJ considered Section 204(a) of the Act, as amended, 42 U.S.C. § 404(B) that permits the SSA to recover any overpayment of Social Security benefits. Additionally, Section 204(b) of the Act provides that when an incorrect payment is found to exist, there shall be no recovery by the United States from any person who is without fault in causing the incorrect payment. "Under § 1631(b) of the Social Security Act, the Secretary may require a person who has received an overpayment of benefits to refund the excess amount." Matthanasak v. Sullivan, 769 F. Supp. 103, 106 (W.D.N.Y. 1991); see also Pennerman v. Apfel, 99 Civ. 3244 (JG), 2001 WL 527398 (E.D.N.Y. Apr. 18, 2001) (under 42 U.S.C. § 1383(b), the Commissioner of Social Security may require a person who has received an overpayment of benefits to refund the amount paid in excess of the correct amount.)

Under the applicable regulations, a recipient is at fault for an overpayment in the following circumstances: (a) failure to furnish information which the individual knows or should have known was material; (b) an incorrect statement made by the individual which he knew or should have known was incorrect; or (c) the individual did not return a payment which he knew or could have been expected to know was incorrect. 20 C.F.R. § 416.552.

The ALJ noted that "every claimant for [SSI] is repeatedly advised about the income and resource requirements." (R. 16.) Joel Cruz testified that his mother "did not know" she was required to report her wages to the SSA. Additionally, plaintiff testified that she "did

not remember" if she was advised of the reporting requirement. (R. 72-73.) The ALJ concluded that the plaintiff provided no evidence to support these assertions and held that her claims were not credible. (R. 16.)

The ALJ further found that: (1) the claimant's mother, on behalf of the claimant, incurred an overpayment in the amount of $12,125.63; (2) the claimant's mother is not "without fault" in causing or accepting any resulting [SSI] overpayment; (3) repayment would not defeat the purpose of Title XVI of the Social Security Act and would not be against equity and good conscience; and (4) the overpayment in the amount of $12,125.63 must be repaid to the SSA. (R. 17.)

## DISCUSSION

A. *Standard of Review*

"Under Section 205(g) of the Act, 42 U.S.C. § 405(g) (1976 and Supp.IV 1980), findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." Center v. Schweiker, 704 F.2d 678, 679 (2d Cir. 1983) (per curium); see also Shaw v. Charter, 221 F.3d 126, 131 (2d Cir. 2000) (citing Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998)); Kugielska v. Astrue, 06 Civ. 10169 (PKC), 2007 WL 052204, at *7 (S.D.N.Y. Oct. 16, 2007). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Kugielska, 2007 WL 052204, at *8 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). Such evidence includes both inferences and conclusions drawn from evidentiary facts. Id. (citing Rivas v. Barnhart, 01 Civ. 3672 (RWS), 2005 WL 183139, at *18 (S.D.N.Y. Jan. 27, 2005)). "The Second Circuit has held that this is true even if substantial evidence to the contrary exists." Id. (citing DeChirico v. Callahan, 134 F.3d 1177, 1183 (2d Cir. 1998)). "When substantial evidence

4

exists to support the Commissioner's findings, this court will not substitute its judgment for that of the Commissioner." Id.

The court reviews the record as a whole to determine if substantial evidence exists to support the findings of the ALJ. "This means that in assessing whether the evidence supporting the Commissioner's position is substantial, the court will not look at that evidence in isolation but rather will view it in light of other evidence that detracts from it." Id. at *7 (citing Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990)).

B. *The ALJ's Determination is Supported by Substantial Evidence*

The burden is on the recipient of an overpayment to demonstrate that: (1) he or she was without fault; and (2) recovery would defeat the purpose of the Act or would be inequitable. 42 U.S.C. § 1383(b); see also Center, 704 F.2d at 680; Kennedy v. Apfel, 96 Civ. 3295 (LAP) (SEG), 1998 WL 567676, at *4 (S.D.N.Y. June 26, 1998). "Every claimant for [SSI] is repeatedly advised about the income and resource requirements. Parents who file applications on behalf of a child are similarly notified." Id. As provided by 42 U.S.C. § 1382c(f)(2)(A):

> For purposes of determining eligibility for and the amount of benefits for any individual who is a child under age 18, such individual's income and resources shall be deemed to include any income and resources of a parent of such individual (or the spouse of such a parent) who is living in the same household as such individual, whether or not available to such individual, except to the extent determined by the Commissioner to be inequitable under the circumstance.

The regulation requires the parent of a minor child living in the same household to report his or her income. Joel Cruz was living with his mother in 2003, prior to his 18th birthday. (R. 54.)

5

Plaintiff failed to furnish her income to the SSA, which she should have known was material to Joel's eligibility for SSI benefits. 20 C.F.R. §416.552; see also 42 U.S.C. § 1382c(f)(2)(A).

Plaintiff's claimed unawareness of the reporting requirement is not sufficient to find that she was without fault in causing the overpayments. Despite plaintiff's claims that she "did not remember" and "didn't know" she was required to report her income, there is no evidence in the record to support these allegations beyond her conclusory assertions. "No showing of bad faith is required; rather, an honest mistake may be sufficient to constitute fault." Center, 704 F.2d at 680 (citing Morgan v. Finch, 423 F.2d 551 (6th Cir. 1970)); Kennedy, 1998 WL 567676, at *4 (citing Barone v. Bowen, 869 F.2d 49, 51 (2d Cir. 1989)). "In this regard, the fact that [plaintiff] neither speaks nor understands English is not determinative." Matthanasak, 769 F. Supp. at 106 (W.D.N.Y. 1991) (citing Soberal-Perez v. Heckler, 717 F.2d 36 (2d Cir. 1983)). "In any event, lack of this knowledge on the part of [plaintiff] would not excuse [her] from [her] obligation to reimburse." Center, 704 F.2d at 680. Thus, plaintiff did not meet her burden as required by 42 U.S.C. § 1383(b) to prove she is without fault in causing the overpayment.

"If an individual is found to have been at fault, the inquiry into the question of waiver under the statute stops there." Kennedy, 1998 WL 567676, at *4. Since substantial evidence exists to support the determination that the overpayment was not without fault, the Court need not determine whether recovery would defeat the purpose of the Act or would be inequitable. Matthanasak, 769 F. Supp. at 107 (citing Chlieb v. Heckler, 777 F.2d 842, 846 (2nd Cir. 1985)). Furthermore, "the claimant's mother has no unusual circumstances that would preclude her from understanding the requirements and there is no credible evidence that she was unaware of her obligations." (R. 16-17.)

6

## Conclusion

For the foregoing reasons the defendant's motion for judgment on the pleadings is GRANTED. The Clerk is directed to enter final judgment for the defendant in the amount of $12,125.63.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, NY
June 23, 2009